UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
BRICKMAN INVESTMENTS, INC.,          :     Civil Action No. 07-cv-11086
Individually and On Behalf of All Others   :
Similarly Situated,                          :
                                             :     CLASS ACTION COMPLAINT
                    Plaintiff,               :     FOR VIOLATIONS OF
                                             :     FEDERAL SECURITIES LAWS
          vs.                                :
                                             :
SECURITY CAPITAL ASSURANCE LTD.,     :
PAUL S. GIORDANO, DAVID SHEA,        :
GOLDMAN, SACHS & CO., J.P. MORGAN    :
SECURITIES INC., MERRILL LYNCH,      :
PIERCE, FENNER & SMITH               :
INCORPORATED and XL INSURANCE        :
LTD.,                                        :
                                             :
                    Defendants.              :
———————————————————— x

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff and Plaintiff's counsel, based upon the investigation undertaken by Plaintiff's counsel (which investigation included analysis of publicly available news articles and reports, public filings, securities analysts' reports and advisories about Security Capital Assurance Ltd. ("Security Capital" or the "Company"), press releases and other public statements issued by the Company, and media reports about the Company) and believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

### NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons, other than defendants, who purchased the common stock of Security Capital in the Company's secondary public offering on or about June 6, 2007 (the "Secondary Offering") seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

### JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act [15 U.S.C. §§77k, 77l(a)(2) and 77o].

3.      This Court has jurisdiction of this action pursuant to Section 22 of the Securities Act [15 U.S.C. §77v] and 28 U.S.C. §1331.

4.      Venue is properly laid in this District pursuant to Section 22 of the Securities Act and 28 U.S.C. §1391(b) and (c).  The acts and conduct complained of herein occurred in substantial part in this District, the Secondary Offering was marketed in this District and the Underwriter Defendants, as defined below, maintain their principal places of business in this District.

5.    In connection with the acts and conduct alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the mails and telephonic communications and the facilities of the New York Stock Exchange ("NYSE").

## PARTIES

6.    Plaintiff Brickman Investments Inc. purchased Security Capital common stock as set forth in the certification attached hereto and incorporated herein by reference, in the Secondary Offering and was damaged thereby.

7.    Defendant Security Capital through its subsidiaries, provides financial guaranty insurance, reinsurance, and other credit enhancement products to the public finance and structured finance markets in the United States and internationally.  Security Capital was formed in 2006 when XL Capital Ltd. ("XL Capital") contributed ownership interests in its financial guarantee insurance and financial guarantee reinsurance operating businesses to the Company and sold a portion of the Company to the public via an initial public offering.  Following the Secondary Offering, XL Capital owned more than 40% of the outstanding common stock of Security Capital.

8.    Defendant Paul S. Giordano ("Giordano") served as Security Capital's President, Chief Executive Officer and Director at the time of the Secondary Offering.  Giordano signed the Registration Statement.

9.    Defendant David Shea ("Shea") served as Security Capital's Executive Vice President, Chief Financial Officer at the time of the Secondary Offering.  Shea signed the Registration Statement.

10.    Defendants Goldman, Sachs & Co., J.P. Morgan Securities Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated served as the lead underwriters for the Secondary Offering (the "Underwriter Defendants").  The Underwriter Defendants maintain their principal offices in this District.  The Underwriter Defendants failed to perform adequate due diligence in connection with

their role as underwriters for the Secondary Offering and were negligent in failing to ensure that the

Registration Statement and Prospectus were prepared properly and accurately.

11.     Defendant XL Insurance Ltd. ("XL Insurance") is a wholly-owned subsidiary of XL

Capital and sold more than 9.6 million shares of Security Capital in the Secondary Offering.

### PLAINTIFF'S CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil

Procedure 23(a) and 23(b)(3) on behalf of itself and all persons other than defendants who purchased

the common stock of Security Capital in the Secondary Offering.  Excluded from the Class are

defendants herein, members of the immediate family of each of the defendants, any person, firm,

trust, corporation, officer, director or other individual or entity in which any defendant has a

controlling interest or which is related to or affiliated with any of the defendants, and the legal

representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

13.     The members of the Class are so numerous that joinder of all members is

impracticable.  Security Capital sold more than 9.6 million shares of common stock in the Secondary

Offering.  The precise number of Class members is unknown to plaintiff at this time but is believed

to be in the thousands.  In addition, the names and addresses of the Class members can be

ascertained from the books and records of Security Capital or its transfer agent or the underwriters to

the Secondary Offering.  Notice can be provided to such record owners by a combination of

published notice and first-class mail, using techniques and a form of notice similar to those

customarily used in class actions arising under the federal securities laws.

14.     Plaintiff will fairly and adequately represent and protect the interests of the members

of the Class.  Plaintiff has retained competent counsel experienced in class action litigation under the

federal securities laws to further ensure such protection and intends to prosecute this action

vigorously.

- 3 -

15.     Plaintiff's claims are typical of the claims of the other members of the Class because plaintiff's and all the class members' damages arise from and were caused by the same false and misleading representations and omissions made by or chargeable to defendants.  Plaintiff does not have any interests antagonistic to, or in conflict with, the Class.

16.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the class members to seek redress for the wrongful conduct alleged.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

17.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     Whether the federal securities laws were violated by defendants' acts as alleged herein;

(b)     Whether the prospectus and registration statement issued by defendants to the investing public in connection with the Secondary Offering negligently omitted and/or misrepresented material facts about Security Capital and its business; and

(c)     The extent of injuries sustained by members of the Class and the appropriate measure of damages.

## SUBSTANTIVE ALLEGATIONS

18.     Defendant Security Capital through its subsidiaries, provides financial guaranty insurance, reinsurance, and other credit enhancement products to the public finance and structured finance markets in the United States and internationally.

- 4 -

19.     On or about May 25, 2007, Security Capital filed a Form S-1/A Registration Statement (the "Registration Statement") with the Securities and Exchange Commission ("SEC") for the Secondary Offering.

20.     On or about June 6, 2007, the Prospectus (the "Prospectus") with respect to the Secondary Offering, which forms part of the Registration Statement, became effective and more than 9.6 million shares of Security Capital common stock were sold to the public at $31.00 per share, thereby raising more than $300 million.

21.     The Registration Statement and Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and were not prepared in accordance with the rules and regulations governing their preparation.

22.     The Registration Statement described Security Capital's portfolio as "diversified" and "high quality," stating in pertinent part as follows:

> We have a diversified, high-quality portfolio, comprised of $50.3 billion, $55.7 billion and $21.7 billion of consolidated net par outstanding (principal amount of guaranteed obligations net of amounts ceded to reinsurers) in the public finance, structured finance and international finance, respectively, as of March 31, 2007. Our reinsurance business gives us access to credit exposures that we may not otherwise have the opportunity to obtain through our primary insurance business. As of March 31, 2007, the weighted average credit rating of the obligations that we guaranty was "A+."

23.     The statements referenced above were inaccurate statements of material fact because they failed to disclose that:

(a)     the Company was materially exposed to extremely risky structured financial credit derivatives ("CDOs"); and

(b)     the Company was materially exposed to residential mortgage-backed securities ("RMBS") relating to sub-prime real estate mortgages.

- 5 -

24.    Under applicable SEC rules and regulations governing the preparation of the Registration Statement and Prospectus, the Registration Statement was required to disclose the full extent of the Company's exposure to CDOs and RMBS.  The Registration Statement failed to contain any meaningful disclosure in this regard.

25.    On July 23, 2007, Security Capital issued a press release announcing its financial results for the second quarter of 2007, the period ending June 30, 2007.  For the second quarter, the Company reported net income of $25.9 million, or $0.40 per share, as compared to $36.4 million, or $0.79 per share for the same period in the prior year.  Security Capital attributed the decline in net income principally to "a decline in refunding activity, an increase in unrealized losses on derivative financial instruments caused by widening credit spreads and the impact of additional shares issued during the Company's initial public offering ("IPO") in August 2006."

26.    On October 16, 2007, Security Capital issued a press release announcing that its third quarter results "will be affected by an unrealized, pre-tax, mark-to-market loss of approximately $145 million with respect to its credit derivatives portfolio."  The Company also reported that it would report a loss for the third quarter but that the mark-to-market loss would not impact the Company's operating income and that adjusted gross premiums had increased to $140 million versus $91 million in the third quarter of 2006.

27.    On October 25, 2007, Security Capital issued a press release announcing its financial results for the third quarter of 2007, the period ending September 30, 2007.  For the third quarter, the Company reported a net loss of ($89.9) million, or ($1.40) per share, which it attributed in large part to the mark-to-market loss associated with certain of its credit derivatives.

28.    On November 13, 2007, Security Capital issued a press release commenting on a recent rating action by Fitch.  The Company reported that two transactions insured by the Company

which represent $752 million in net par insured were downgraded and that Fitch had indicated its capital adequacy analysis for the financial guarantee industry and observed that there was a "moderate probability" that Security Capital may experience pressure in its capital cushion due to the Company's relatively high CDO exposure.

29.     At the time of the filing of this Complaint, Security Capital stock was trading for $6.20 per share – 80% lower than the Secondary Offering price.

## COUNT I

### Violations of Section 11 of the Securities Act
### Against All Defendants

30.     Plaintiff repeats and realleges each and every allegation contained above.

31.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all defendants with the exception of defendant XL Insurance.

32.     The Registration Statement for the Secondary Offering was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

33.     Security Capital is the registrant for the Secondary Offering.  The defendants named herein were responsible for the contents and dissemination of the Registration Statement and the Prospectus.

34.     As issuer of the common stock, Security Capital is strictly liable to Plaintiff and the Class for the misstatements and omissions.

35.     None of the defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and the Prospectus were true and without omissions of any material facts and were not misleading.

36.     By reasons of the conduct herein alleged, each defendant violated, and/or controlled a person who violated, Section 11 of the Securities Act.

37.     Plaintiff acquired Security Capital common stock pursuant to the Registration Statement.

38.     Plaintiff and the Class have sustained damages.  The value of Security Capital common stock has declined substantially subsequent to and due to Defendants' violations.

## COUNT II

### Violations of Section 12(a)(2) of the Securities Act
### Against All Defendants

39.     Plaintiff repeats and realleges each and every allegation contained above.

40.     This Count is brought pursuant to Section 12(a)(2) of the Securities Act on behalf of the Class, against all Defendants.

41.     Defendants were sellers and offerors and/or solicitors of purchasers of the common stock offered pursuant to the Prospectus.

42.     The Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.  Defendants' actions of solicitation included participating in the preparation of the false and misleading Prospectus and participating in road shows to market the Secondary Offering to investors.

43.     Defendants owed to the purchasers of Security Capital common stock, including Plaintiff and other class members, the duty to make a reasonable and diligent investigation of the statements contained in the Secondary Offering materials, including the Prospectus contained therein, to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading.

Defendants in the exercise of reasonable care should have known of the misstatements and omissions contained in the Secondary Offering materials as set forth above.

44.     Plaintiff and other members of the Class purchased or otherwise acquired Security Capital common stock pursuant to and/or traceable to the defective Prospectus.  Plaintiff did not know, or in the exercise of reasonable diligence could not have known, of the untruths and omissions contained in the Prospectus.

45.     Plaintiff, individually and representatively, hereby offers to tender to defendants those shares of common stock which plaintiff and other Class members continue to own, on behalf of all members of the Class who continue to own such shares, in return for the consideration paid for those shares together with interest thereon.  Class members who have sold their Security Capital common stock are entitled to rescissory damages.

## COUNT III

### Violations of Section 15 of the Securities Act
### Against the Individual Defendants

46.     Plaintiff repeats and realleges each and every allegation contained above.

47.     This Count is brought pursuant to Section 15 of the Securities Act against the Individual Defendants.

48.     Each of the Individual Defendants was a control person of Security Capital by virtue of his position as a director and/or senior officer of Security Capital.

49.     Each of the Individual Defendants was a participant in the violation of Section 11 of the Securities Act alleged in Count I above, based on their having signed the Registration Statement and having otherwise participated in the process which allowed the Secondary Offering to be successfully completed.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of itself and the Class, prays for judgment as follows:

A.      declaring this action to be a plaintiff class action properly maintained pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

B.      awarding plaintiff and other members of the Class damages together with interest thereon;

C.      with respect to Count II, ordering that the Secondary Offering be rescinded;

D.      awarding plaintiff and other members of the Class their costs and expenses of this litigation, including reasonable attorneys' fees, accountants' fees and experts' fees and other costs and disbursements; and

E.      awarding plaintiff and other members of the Class such other and further relief as may be just and proper under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: December 6, 2007                 COUGHLIN STOIA GELLER RUDMAN &
                                        ROBBINS LLP
                                        SAMUEL H. RUDMAN
                                        DAVID A. ROSENFELD


                                        _____
                                              /S/ Samuel H. Rudman
                                        SAMUEL H. RUDMAN

                                        58 South Service Road, Suite 200
                                        Melville, NY 11747
                                        Telephone: 631/367-7100
                                        631/367-1173 (fax)

ABRAHAM FRUCHTER & TWERSKY LLP
JACK G. FRUCHTER
One Pennsylvania Plaza, Suite 2805
New York, NY  10119
Telephone:  212/279-5050
212/279-3655 (fax)

*Attorneys for Plaintiff*

I:\Security Capital Assurance\Pleadings\071206 CPT.doc

## CERTIFICATION OF BRICKMAN INVESTMENTS INC.
## IN SUPPORT OF CLASS ACTION COMPLAINT

Brickman Investments Inc. ("plaintiff") declares, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed the complaint prepared by counsel in the above-captioned case and has authorized its filing.

2.    Plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under the federal securities laws.

3.    Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.    During the proposed Class Period, plaintiff executed the following transactions in the stock of Security Capital Assurance Ltd.  See Attachment A:

5.    In the past three years, plaintiff has sought to serve as a representative party on behalf of a class in an action filed under the federal securities laws entitled *Brickman Investments Inc. v. Allot Communications Ltd. et al*, 07-cv-3455 (S.D.N.Y. 2007) and *In re Xinhua Finance Media Ltd. Securities Litigation*, 07-cv-3994 (S.D.N.Y. 2007).

6.    Plaintiff will not accept payment for serving as a representative party on behalf of a class beyond plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29ᵗʰ day of November, 2007.

BRICKMAN INVESTMENTS INC.

ATTACHMENT A

| Date | Action | Amount | Price |
|------|--------|--------|-------|
| June 7, 2007 | Buy | 725 shares | $31.00 |
| June 13, 2007 | Sell | 400 shares | $30.51 |
| June 19, 2007 | Sell | 200 shares | $30.82 |
| June 20, 2007 | Sell | 125 shares | $30.62 |