UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| BRICKMAN INVESTMENTS, INC., Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 1:07-cv-11086-DAB |
| Plaintiff, | CLASS ACTION |
| vs. | |
| SECURITY CAPITAL ASSURANCE LTD., et al., | |
| Defendants. | |
| 2 WEST, INC., On Behalf of Itself and All Others Similarly Situated, | Civil Action No. 1:07-cv-11358-DAB |
| Plaintiff, | CLASS ACTION |
| vs. | |
| SECURITY CAPITAL ASSURANCE LTD., et al., | |
| Defendants. | |

MEMORANDUM IN SUPPORT OF THE MOTION OF UNITED FOOD & COMMERCIAL WORKERS UNION LOCAL 655, AFL-CIO, FOOD EMPLOYERS JOINT PENSION PLAN AND DISTRICT NO. 9, I.A. OF M. & A.W. PENSION TRUST FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

|  | x |  |
|---|---|---|
| ROBERT CLARKE, Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No. 1:08-cv-00158-DAB |
|  | : |  |
|  | : | <u>CLASS ACTION</u> |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| SECURITY CAPITAL ASSURANCE LTD., et al., | : |  |
|  | : |  |
|  | : |  |
| Defendants. | : |  |
|  | x |  |

**I.       PRELIMINARY STATEMENT**

Presently pending before this Court are at least three-related securities class action lawsuits (the "Actions") brought on behalf of all persons, other than defendants, who purchased or otherwise acquired Security Capital Assurance Ltd. ("Security Capital" or the "Company") shares pursuant and/or traceable to the Company's secondary public offering ("Secondary Offering") on or about June 6, 2007, as well as purchasers of the Company's stock between April 23, 2007 and December 10, 2007, inclusive (the "Class Period"), and allege violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Institutional Investors United Food & Commercial Workers Union Local 655, AFL-CIO, Food Employers Joint Pension Plan ("United Food & Commercial Workers Pension Plan") and District No. 9, I.A. of M. & A.W. Pension Trust ("District No. 9 Pension Trust") hereby move this Court for an Order to: (i) consolidate the Actions; (ii) appoint United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust as Lead Plaintiffs in the Actions under Section 27 of the Securities Act and Section 21D of the Exchange Act; and (iii) approve United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust are the most adequate plaintiffs, as defined by the PSLRA. United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust are precisely the types of institutional investors that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by

encouraging institutional investors to serve as lead plaintiffs). Moreover, as institutional investors, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust are accustomed to acting as fiduciaries and their experience in legal and financial matters will substantially benefit the Class.

During the Class Period, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust incurred a substantial $652,730.32 loss on their transactions in Security Capital shares. *See* Alba Decl., Ex. B.[1] To the best of their knowledge, this is the greatest loss sustained by any moving Class member or Class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust, for the purposes of this motion, adequately satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative Class and that they will fairly and adequately represent the interests of the Class.

## II.     FACTUAL BACKGROUND

Security Capital, through its subsidiaries, provides financial guaranty insurance, reinsurance, and other credit enhancement products to the public finance and structured finance markets in the United States and internationally.

The complaint in the action entitled *Brickman Investments, Inc. vs. Security Capital Assurance Ltd., et al.*, Civil Action No. 1:07-cv-11086-DAB (the "*Brickman Investments* Action") charges Security Capital and certain of its officers and directors with violations of the Securities Act. On or about May 25, 2007, Security Capital filed a Form S-1/A Registration Statement (the

---

[1]     References to the "Alba Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr., dated February 5, 2008, and submitted herewith.

"Registration Statement") with the Securities and Exchange Commission ("SEC") for the Secondary Offering. On or about June 6, 2007, the Prospectus (the "Prospectus") with respect to the Secondary Offering, which forms part of the Registration Statement, became effective and more than 9.6 million shares of Security Capital common stock were sold to the public at $31.00 per share, thereby raising more than $300 million.

The *Brickman Investments* Action alleges that the Registration Statement and Prospectus contained untrue statements of material facts because they failed to disclose that: (i) the Company was materially exposed to extremely risky structured financial credit derivatives; and (ii) the Company was materially exposed to residential mortgage-backed securities relating to sub-prime real estate mortgages.

The complaint in the action entitled *Robert Clarke vs. Security Capital Assurance Ltd., et al.*, Civil Action No. 1:08-cv-00158-DAB (the "*Clarke* Action") alleges violations of the Securities Act and the Exchange Act.  The *Clarke* Action alleges that the Company failed to disclose and misrepresented the following material adverse facts, which were known to defendants or recklessly disregarded by them:  (1) that the Company failed to fully disclose the extent of its exposure to collateralized debt obligations and other residential mortgage-backed securities; (2) that the Company failed to adequately reserve for losses as conditions in the housing and credit markets deteriorated; and (3) that the Company improperly valued its credit default swaps.

On July 23, 2007, Security Capital reported its second quarter 2007 financial and operational results.  The Company reported a decline in net income compared to the same quarter in the previous year due to a decline in refunding activity and a significant increase in losses on derivative instruments.  On this news, the price of Security Capital shares declined $4.38 per share, or 15%, to close at $24.26 per share, on unusually heavy trading volume.

On October 25, 2007, the Company reported a net loss of $89.9 million, or $1.40 per share, for the third quarter. On this news, the price of Security Capital shares declined an additional $1.20 per share, or 8%, to close at $13.25 per share, on heavy trading volume.

Then, on December 11, 2007, *Fortune* published an article suggesting that Security Capital may be faced with ratings downgrades. On this news, the price of Security Capital shares declined an additional $1.23 per share, or 15%, to close at $6.97 per share, on unusually heavy trading volume. The following day, Fitch Ratings put Security Capital on ratings watch "negative," which caused the Company's shares to decline an additional $1.52 per share, or 22%.

## III.   ARGUMENT

### A.   The Actions Should Be Consolidated for All Purposes

The Actions assert Class claims on behalf of Security Capital shareholders for alleged violations of the Securities Act and/or the Exchange Act. The Actions name similar defendants (*i.e.*, officers and directors of Security Capital) and involve the same factual and legal issues. The Actions are each brought by shareholders of Security Capital during the relevant time period who were injured by defendants' fraud, which was perpetrated through the issuance of materially false and misleading statements. Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42 (a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B.   United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust Should Be Appointed Lead Plaintiffs

#### 1.   The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Brickman Investments* Action caused the first notice regarding the pendency of these Actions to be published on *Business Wire*, a national, business-oriented newswire service, on December 7, 2007. *See* Alba Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

> **2.    United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust Satisfy the "Lead Plaintiff" Requirements of the Securities Act and the Exchange Act**
>
> > **a.    United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust Have Complied with the Securities Act and the Exchange Act and Should Be Appointed Lead Plaintiffs**

The time period in which Class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on February 5, 2008.  Pursuant to the provisions of the PSLRA, and within the requisite time frame after publication of the required notice on December 7, 2007, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the Class.

United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust have duly signed and filed certifications stating that they are willing to serve as the representative parties on behalf of the Class.  *See* Alba Decl., Ex. C.  In addition, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust have selected and retained competent counsel to represent them and the Class.  *See* Alba Decl., Ex. D.  Accordingly, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and approval of selection of Lead Counsel as set forth herein, considered and approved by the Court.

    **b.**  **United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust Are Precisely the Types of Lead Plaintiffs Congress Envisioned When it Passed the PSLRA**

  The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

  Congress reasoned that increasing the role of institutional investors, who typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust, as institutional investors, are precisely the types of Lead Plaintiffs Congress envisioned when it passed the PSLRA. *See id.*

    **c.**  **United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust Have the Requisite Financial Interest in the Relief Sought by the Class**

  During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Alba Decl., Ex. C, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust incurred a substantial $652,730.32 loss on their transactions in Security Capital shares. *See* Alba Decl., Ex. B. United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust thus have a significant financial interest in this case. Therefore, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust satisfy all of the PSLRA's

prerequisites for appointment as Lead Plaintiff in these Actions and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d.  United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust Otherwise Satisfy Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997). United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be

no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari,* 2004 U.S. Dist. LEXIS 13898, at *18.

United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust satisfy this requirement because, just like all other Class members, they: (1) purchased Security Capital shares during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust's claims are typical of those of other Class members because their claims and the claims of other Class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust to represent the Class to the existence of any conflicts between the interests of United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust and the members of the Class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and generally able to conduct the litigation. *See In re Global*

*Crossing Sec. & ERISA Litig.*, No. 02 MD 1472 (GEL), 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 24, 2004).

Here, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust are adequate representatives of the Class. As evidenced by the injuries suffered by United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust and the Class, the interests of United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust are clearly aligned with the members of the Class, and there is no evidence of any antagonism between United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust's interests and those of the other members of the Class. Further, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust have taken significant steps that demonstrate they will protect the interests of the Class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust's proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

  **C.**  **The Court Should Approve United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust's Choice of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust have selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which

Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Alba Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust's selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust respectfully request that the Court: (i) consolidate the Actions; (ii) appoint United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust as Lead Plaintiffs in the Actions; (iii) approve their selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED: February 5, 2008
COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP

/s/ *Mario Alba Jr.*
MARIO ALBA JR.

SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that, on February 5, 2008, I caused a true and correct copy of the attached:

> Notice of Motion for Consolidation, Appointment as Lead Plaintiffs and for Approval of Selection of Lead Counsel;
>
> Memorandum of Law in Support of the Motion of United Food & Commercial Workers Union Local 655, AFL-CIO, Food Employers Joint Pension Plan and District No. 9, I.A. of M. & A.W. Pension Trust for Consolidation, Appointment as Lead Plaintiffs and for Approval of Selection of Lead Counsel; and
>
> Declaration of Mario Alba Jr. in Support of the Motion of United Food & Commercial Workers Union Local 655, AFL-CIO, Food Employers Joint Pension Plan and District No. 9, I.A. of M. & A.W. Pension Trust for Consolidation, Appointment as Lead Plaintiffs and for Approval of Selection of Lead Counsel,

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

*/s/ Mario Alba Jr.*
Mario Alba Jr.

SECURITY CAPITAL ASSURANCE 07

Service List - 2/4/2008    (07-0272)

Page 1 of 2

**Counsel For Defendant(s)**

| | |
|---|---|
| Howard G. Sloane | James B. Weidner |
| David G. Januszewski | Jeff E. Butler |
| Cahill Gordon & Reindel LLP | Clifford Chance US LLP |
| 80 Pine Street | 31 West 52nd Street |
| New York, NY  10005-1702 | New York, NY  10019 |
|   212/701-3000 |   212/878-8000 |
|   212/269-5420 (Fax) |   212/878-8375 (Fax) |
| | |
| Mark P. Goodman | |
| Elliot Greenfield | |
| Debevoise & Plimpton LLP | |
| 919 Third Avenue | |
| New York, NY  10022 | |
|   212/909-6000 | |
|   212/909-6836 (Fax) | |

**Counsel For Plaintiff(s)**

| | |
|---|---|
| Jack G. Fruchter | Evan J. Smith |
| Abraham, Fruchter & Twersky | Brodsky & Smith, LLC |
| One Pennsylvania Plaza, Suite 2805 | 240 Mineola Blvd., 1st Floor |
| New York, NY  10119 | Mineola, NY  11501 |
|   212/279-5050 |   516/741-4977 |
|   212/279-3655 (Fax) |   516/741-0626 (Fax) |
| | |
| Samuel H. Rudman | Richard A. Maniskas |
| David A. Rosenfeld | D. Seamus Kaskela |
| Mario Alba, Jr. | David M. Promisloff |
| Coughlin Stoia Geller Rudman & Robbins LLP | Schiffrin Barroway Topaz & Kessler, LLP |
| 58 South Service Road, Suite 200 | 280 King of Prussia Road |
| Melville, NY  11747 | Radnor, PA  19087 |
|   631/367-7100 |   610/667-7706 |
|   631/367-1173 (Fax) |   610/667-7056 (Fax) |

SECURITY CAPITAL ASSURANCE 07

Service List - 2/4/2008     (07-0272)

Page 2 of 2

| Kevin M. McGee | Richard A. Speirs |
|---|---|
| Zwerling, Schachter & Zwerling, LLP | Zwerling, Schachter & Zwerling, LLP |
| 595 South Federal Highway, Suite 600 | 41 Madison Avenue, 32nd Floor |
| Boca Raton, FL  33432 | New York, NY  10010 |
| 561/544-2500 | 212/223-3900 |
| 561/544-2501 (Fax) | 212/371-5969 (Fax) |