UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BRICKMAN INVESTMENTS, INC., :
Individually and On Behalf of All Others :
Similarly Situated, :
: **ECF CASE**
                   Plaintiff, :
: **No. 07-CV-11086 (DAB)**
      v. :
:
SECURITY CAPITAL ASSURANCE LTD., :
PAUL S. GIORDANO, DAVID SHEA, :
GOLDMAN, SACHS & CO., J.P. MORGAN :
SECURITIES INC., MERRILL LYNCH, :
PIERCE, FENNER & SMITH :
INCORPORATED and XL INSURANCE LTD., :
:
                 Defendants. :
-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
HGK ASSET MANAGEMENT, INC.'S
MOTION FOR CONSOLIDATION, APPOINTMENT
OF LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

HGK Asset Management, Inc. ("HGK") respectfully submits this memorandum of law in support of its motion for: (i) consolidation of any and all cases filed in this District which allege one or more common questions of law or fact (the "Related Actions") with the above-captioned action; (ii) appointment of HGK as Lead Plaintiff on half of all those who acquired 6.880 12/31/49-17 Security Assurance Capital Assurance Ltd. securities pursuant or traceable to the registration statement that was filed in connection with the Offer to Exchange on November 19, 2007 (the "Bondholder Class"); and (iii) approval of Schoengold Sporn Laitman & Lometti, P.C. ("SSLL") as Lead Counsel.

# I.

## INTRODUCTION

Currently, there are three securities class action lawsuits pending in this District against Security Capital Assurance Ltd., et al., ("Security Capital" or the "Defendants"): *Brickman Investments, Inc. v. Security Capital Assurance Ltd., et al.*, 07-CV-11086 (the "Action"); *West, Inc. v. Security Capital Assurance Ltd., et al.*, 07-CV-11358; and *Clarke v. Security Capital Assurance Ltd., et al.*, 08-CV-00158. All three of these cases involve common questions of law and fact.

The first notice of pendency of class action was published pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") in a national, business-oriented wire service on December 7, 2007 (*See* Declaration of Ashley Kim in Support of the Within Motion (the "Kim Dec."), Exhibit ("Ex.") A). This motion is being filed within 60 days from the date of publication of that notice.

As set forth in the Certification of Securities Class Action Complaint (annexed as Ex. B to the Kim Dec.), HGK expended approximately $3,234,350.00 to purchase 4,250,000 units of 6.880 12/31/49-17 Security Assurance securities. HGK suffered losses as a result of the wrongful conduct alleged of approximately $2,596,850.00. This is a very substantial loss. Moreover, HGK is an institutional investor, precisely the type of investor that Congress sought to encourage to take control of securities class action litigation so that such litigation would be "client-driven."

Accordingly, it is respectfully submitted that the Court should consolidate the Related Actions, appoint HGK as Lead Plaintiff most capable of adequately representing the interests of the Bondholder Class and approve HGK's selection of SSLL as lead counsel. SSLL has

extensive experience in securities fraud litigation and have won many important victories for injured shareholders. *See* Kim Dec., Ex. C.

## II.

## **THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

This Action alleges securities claims against Security Capital and certain officers. The subsequently-filed actions enumerated above allege one or more common questions of law or fact. As a result, they should be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure ("when actions involving a common question of law or fact are pending before the court, it may order all the actions consolidated . . . and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay"). Fed. R. Civ. P. 42 (a).

## III.

## **HGK IS THE MOST ADEQUATE PLAINTIFF UNDER THE SECURITIES ACT**

On December 22, 1995, Congress enacted Public Law 10467, entitled the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The PSLRA amends the Securities Act of 1933 (the "Securities Act") to include a new Section 27 that, *inter alia*, sets forth a detailed procedure for selecting the lead plaintiff to oversee class actions brought under the federal securities laws.

Section 27(a)(3)(B)(i) of the Securities Act directs the court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." Section 27(a)(3)(B)(iii) requires a presumption that the most adequate plaintiff:

    (aa)    has either filed the complaint or made a motion in response to a notice under [the PSLRA];

3

  (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 27(a)(3)(B)(iii).

  The goal of Congress in enacting this provision was to "empower investors" to "have the greater control over class action cases." *See* "Private Securities Litigation Reform Act of 1995 -- Conference Report," 141 Cong. Rec. S17933-97, at S17956 (daily ed. Dec. 5, 1995).

  HGK is an institutional investor that has been injured by the fraudulent conduct of Defendants. House Commerce Committee Chairman Thomas Bailey has emphasized that the PSLRA was designed to "put control of class action lawsuits back in the hands" of "real shareholders" -- like HGK. *See* "Private Securities Litigation Reform Act of 1995 - Conference Report," 141 Cong. Rec. H14039-52, at H14039 (daily ed. Dec. 6, 1995).

  Moreover, in order to reduce "lawyer-driven" litigation, "through the PSLRA, Congress has clearly expressed its preference for securities fraud litigation to be directed by large institutional investors." *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997). *See also*, *Sakhrani v. Brightpoint*, 78 F. Supp. 2d 845, 850 (S.D. Ind. 1999) ("The PSLRA was enacted with the explicit hope that institutional investors would step forward to represent the class and exercise effective management and supervision of the class lawyers"). By appointing HGK as Lead Plaintiff on behalf of the Bondholder Class in this case, the Court would be fulfilling one of Congress's major aims in passing the PSLRA, namely giving institutional investors an increased role in securities class actions.

  In addition, HGK has a major financial stake in this litigation. As set forth more fully in their Certification of Securities Class Action Complaint, HGK expended approximately

4

$3,234,350.00 to purchase 4,250,000 units of 6.880 12/31/49-17 Security Assurance securities. HGK suffered losses as a result of the wrongful conduct alleged of approximately $2,596,850.00 in connection with these transactions. *See* Kim Dec., Ex. B. Thus, HGK is precisely the type of investor that should be appointed as Lead Plaintiff on behalf of the Bondholder Class in the consolidated action.

Section 27(a)(3)(B) of the Securities Act further provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

For purposes of appointing the lead plaintiff, "of the four prerequisites to class certification, the focus is only on the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements." *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 456 (D.N.J. 2000) (citation omitted); *see also*, *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997). As a general rule, a plaintiff's claim meets the typicality requirement if it is both legally and factually similar and arises out of the same events or course of conduct that gives rise to the claims of the other class members. This does not require that the claims be identical, but there must be some common question of fact or law. *See In re Independent Energy Holdings PLC Sec. Litig.*, 2002 U.S. Dist. LEXIS 9359, at *12 (S.D.N.Y. May 28, 2002) (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). Here, HGK's claims are typical, if not identical, to the claims of the members of the Class. As set forth above, the losses suffered by HGK resulted

5

from Defendants' common course of conduct which violated the Securities Act by publicly disseminating materially false and misleading information. Thus, HGK satisfies the typicality requirement.

Further, Section 27(a)(3)(B)(iii) of the Securities Act directs the Court, in evaluating the adequacy of a proposed lead plaintiff, to limit its inquiry to the existence of any conflicts between the interests of the proposed representative and members of the class, and allows the lead plaintiff to retain counsel of their choice to represent the Class "subject to the approval of the court." *See* Securities Act § 27(a)(3)(B)(v). The adequacy standard is met where (1) the named plaintiff has interests common with the Class' interests; and (2) the representatives will vigorously pursue the interests of the Class through qualified counsel. *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000) (citing *Drexel*, 960 F.2d at 291).

As set forth above, HGK's interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between its interests and those of the Class. HGK shares numerous common questions of law and fact with the members of the Class, and its claims are typical of the members of the Class. Further, HGK has retained competent counsel to represent it in this case. Thus, the alignment of interests between HGK and the Class and the skill of HGK's chosen counsel favor granting the instant motion.

## IV.

### THE COURT SHOULD APPROVE HGK'S CHOICE OF COUNSEL AS LEAD COUNSEL

The amendments to the Securities Act vest authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the court. *See* Securities Act §27(a)(3)(B)(v). A court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the plaintiff class. In the present case, HGK has retained SSLL as Lead Counsel to

pursue this litigation on its behalf. As stated above, SSLL has extensive experience in securities fraud litigation. As a result, HGK's choice of counsel should not be disturbed.

## V.

## CONCLUSION

For all the foregoing reasons, HGK respectfully requests that the Court grant the instant motion and:

(i) consolidate the Related Cases for all purposes, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

(ii) appoint HGK as Lead Plaintiff on half the Bondholder Class in the above-captioned action and in the actions to be consolidated herewith pursuant to Section 27(a)(3)(B) of the Securities Act;

iii) approve HGK's choice of counsel and appoint SSLL as Lead Counsel pursuant to Section 27(a)(3)(B)(v) of the Securities Act; and

iv) grant such other and further relief as the Court may deem just and proper.

v)

Dated: February 5, 2008                           SCHOENGOLD SPORN LAITMAN
                                                                          & LOMETTI, P.C.

                                                                          By:    s/_____
                                                                          Christopher Lometti (CL-9124)
                                                                          Ashley Kim (AK-0105)
                                                                          19 Fulton Street, Suite 406
                                                                          New York, NY 10038
                                                                          Telephone: (212) 964-0046

                                                                          *Proposed Lead Counsel for the Bondholder Class*
                                                                          *and Attorneys for HGK Asset Management, Inc.*