UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRICKMAN INVESTMENTS, INC., :
Individually and On Behalf of All Others :
Similarly Situated, :
: **ECF CASE**
                        Plaintiff, :
: **No. 07-CV-11086 (DAB)**
       v. :
:
SECURITY CAPITAL ASSURANCE LTD., :
PAUL S. GIORDANO, DAVID SHEA, :
GOLDMAN, SACHS & CO., J.P. MORGAN :
SECURITIES INC., MERRILL LYNCH, :
PIERCE, FENNER & SMITH :
INCORPORATED and XL INSURANCE LTD., :
:
                        Defendants. :
------------------------------------------------------------x

**HGK'S MEMORANDUM OF LAW IN OPPOSITION
TO THE MOTIONS OF RHODE ISLAND
AND UFCW LOCAL 655 FOR APPOINTMENTOF
LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

HGK Asset Management, Inc. ("HGK") respectfully submits this memorandum of law (a) in opposition to the motions for appointment of lead plaintiff and approval of lead counsel filed by the Employees Retirement System of the State of Rhode Island ("Rhode Island") and the United Food and Commercial Workers Union Local 655 AFL-CIO, Food Employers Joint Pension Plan ("UFCW Local 655") and (b) in further support it's motion for the appointment of HGK and lead plaintiff on behalf of all those who acquired 6.88% 12/31/49-17 Security Capital Assurance Ltd. ("Security Capital") securities pursuant to traceable to the registration statement that was filed in connection with the Offer to Exchange of November 19, 2007 (the "Bondholder Class") and approval of Schoengold Sporn Laitman & Lometti, P.C. ("SSLL") as lead counsel since HGK is the only movant that seeks to represent bond purchaser claims.

Presently before the court are three motions for appointment of lead plaintiff and approval at lead counsel. Two of these motions we filed by shareholders (Rhode Island and UFCW Local 655) and one by a bondholder (HGK).

The shareholder motions describe the underlying litigation as involving class action claims "on behalf of all persons … who purchased or otherwise acquired Security Capital … **shares** pursuant and/or traceable to the Company's secondary public offering ("Secondary Offering") on or about June 6, 2007, as well as purchasers of the Company's **stock** between April 23, 2007 and December 10, 2007, inclusive…"[1] and as a case on behalf of "those who purchased the **common stock** of Security Capital pursuant and/or traceable to the Company's secondary public offering ("SPO") on June 6, 2007."[2] The shareholder motions do not make any reference whatsoever to the bondholder claims that HGK seeks to assert.

In stark contrast, HGK's motion seeks the appointment of HGK as lead plaintiff on behalf of Security Capital bondholders who acquired their bonds pursuant or traceable to the November 19, 2007 registration statement. Those bonds were issued in an exchange offer that became effective on that date whereby Security Capital redeemed securities issued in a $250 million private placement that occurred in April 2007. Bloomberg, in its "Security Display" of Security Capital SCA Var. 6/30/49 (maturity date) describes under the section "Security Information," these securities as "Fix-to-Float Bonds," junior subordinated, par value $1,000. The registration statements for the stock claims and the bond claims differ in numerous material respects, including the risk factors that were described in the statements, as well as the timing of

---

[1] *See* UFCW Local 655's Memorandum of Law in Support of its Motion of Consolidation, Appointment of Lead Plaintiff and Approval of Lead Counsel dated February 5, 2008, p.1. (emphasis added).

[2] *See* Rhode Island's Memorandum of Law in Support dated February 5, 2008, p.1 (emphasis added).

the offerings themselves, and the culpable parties are different. The bondholders would not sue XL Insurance Ltd., the controlling shareholder that tendered all of the shares sold pursuant to the secondary stock offering. In addition, the underwriters for the bond offering and the secondary stock offering are not identical. Thus, it is clear that there are separate and distinct issues of fact and law between the bonds offered pursuant to the November 18, 2007 registration statement and the common stock purchased during the Class Period and/or issued pursuant to the June 6, 2007 registration statement.[3]

As this Court previously observed, when a plaintiff does not own the security at issue, he or she lacks Article III standing to assert claims vis-à-vis that security. *In re Scudder Mutual Funds fee Litigation*, No. 04-cv-1921 (DAB), 2007 U.S. Dist. Lexis 59643, *32-33 (S.D.N.Y. Aug. 14, 2007) (holding that "there is no case or controversy between Named Plaintiffs and Defendants as to the fees charged to Fund in which Named Plaintiffs own no shares").

Moreover, courts have appointed separate lead plaintiffs on behalf of bondholders even when they have declined to create sub-classes. *See, e.g. Miller v. Ventro Corp.*, No. C-01-01287 (SBA), 2001 U.S. Dist. Lexis 26027, *38 (N.D. Ca. Nov. 28, 2001) (finding that is was "appropriate to appoint a bondholder as co-lead plaintiff in addition to a stockholder" noting that "***there are potential differences between the bondholders and stockholders such that a bondholder must be included as a lead plaintiff***") (emphasis added); *In re Nanophase Tech. Sec.*

---

[3] It would be inappropriate for the Court to appoint either Rhode Island or UFCW Local 655 to represent **both** the common stock class and the bond class as conflicts exist between these classes. For example, the discovery issues would be separate and distinct between the stock and bond classes; depositions would necessarily vary and differ between the stock and bond classes; liability issues would necessarily vary and differ between the stock and bond classes; settlement negotiations and apportionment of any settlement offer would necessarily vary and differ between the stock and bond classes; and finally, trial of these issues would require separate class counsel for the stock and bond classes. In short, HGK's and the Bondholder class's interests and

3

*Litig.,* No. 98-C-3450, 1999 U.S. Dist. LEXIS 16171, *17 (N.D. Ill. 1999) (appointing separate lead plaintiff and lead counsel for preferred stockholders who purchased pursuant to a registration statement).

As a result, to the extent that the shareholder motions purport to focus solely on the common stockholder class, and preclude the appointment of a separate lead plaintiff and lead counsel on behalf of the Bondholder Class, those motions should be denied, and the Court should appoint HGK Asset Management as Lead Plaintiff of the Bondholder Class and approve its selection of SSLL as Lead Counsel for the Bondholder Class.

Dated: New York, New York
      February 25, 2008               Respectfully submitted,

                                       By:   /s/ Christopher Lometti
                                            Christopher Lometti (CL-9124)
                                            Ashley Kim (AK-0105)
                                            Frank R. Schirripa (FS-1960)
                                            **SCHOENGOLD SPORN LAITMAN & LOMETTI, P.C.**
                                            19 Fulton Street, Suite 406
                                            New York, NY 10038
                                            Telephone: (212) 964-0046
                                            Facsimile:  (212) 267-8137

                                            *Proposed Lead Counsel for the Bondholder Class and Attorneys for HGK Asset Management, Inc.*

---

rights would not be adequately protected if one of the two firms representing common stockholders were allowed to represent the Bondholder class.

4