# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BRICKMAN INVESTMENTS, INC., *Individually and on Behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>SECURITY CAPITAL ASSURANCE LTD, PAUL S. GIORDANO, DAVID SHEA, GOLDMAN, SACHS & CO, J.P. MORGAN SECURITIES INC., MERRILL, LYNCH, PIERCE, FENNER & SMITH INC., and XL INSURANCE LTD.,<br><br>Defendants. | **CASE #: 1:07-cv-11086-DAB** |
| 2 WEST, INC., *On Behalf of Itself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>SECURITY CAPITAL ASSURANCE LTD, XL INSURANCE, LTD, PAUL S. GIORDANO, and DAVID P. SHEA,<br><br>Defendants. | **CASE #: 1:07-cv-11358-DAB** |

## DECLARATION OF FRANK J. KARPINSKI IN SUPPORT OF THE MOTION OF EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF RHODE ISLAND FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF COUNSEL

14962v1

ROBERT CLARKE, *Individually and on Behalf of all others similarly situated,*

                                 Plaintiff,

        vs.

SECURITY CAPITAL ASSURANCE LTD, PAUL S. GIORDANO, DAVID P. SHEA, XL INSURANCE, LTD., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., GOLDMAN, SACHS & CO., and J.P. MORGAN SECURITIES INC.,

                             Defendants.

**CASE #: 1:08-cv-00158-UA**

14962v1

I, FRANK J. KARPINSKI, declare as follows:

1.     I respectfully submit this declaration in support of the motion of Employees' Retirement System of the State of Rhode Island ("ERSRI") for appointment as lead plaintiff and approval of its choice of lead counsel under the Private Securities Litigation Reform Act ("PSLRA"). I am Executive Director for ERSRI.

2.     ERSRI provides retirement, disability, survivor and death benefits to Rhode Island state employees, public school teachers and municipal employees who are employed by a participating municipality.

3.     ERSRI suffered significant losses on its investment in Security Capital Assurance Ltd. ("Security Capital"). ERSRI understands its obligations under the PSLRA and, if appointed to serve as Lead Plaintiff in this case, intends to vigorously pursue all available remedies for the class against all culpable parties. ERSRI's paramount goal in this case is to maximize any recovery for the class.

4.     ERSRI understands that a competing lead plaintiff group, United Food & Commercial Workers Union Local 655, AFL-CIO, Food Employers Joint Pension Plan and District No. 9, I.A. of M. & A.W. Pension Trust ("UFCW and District 9"), has raised a challenge to ERSRI's adequacy to represent the class based on the fact that defendants Security Capital and XL Capital Assurance (a Security Capital subsidiary) ("XL") can insure, or have insured, bond offerings in the State of Rhode Island. UFCW and District No. 9 claim that ERSRI will not vigorously pursue allegations against Security Capital and XL because any judgment against these entities could adversely affect the state of Rhode Island. I have reviewed UFCW and District No. 9's pleading and believe that it is without merit.

14962v1

5.     ERSRI has a fiduciary duty to its pensionholders. ERSRI's duty is to maximize recovery for its pensionholders, and, if it is appointed as Lead Plaintiff, for the class. The fact that a judgment against Security Capital and/or XL may have some impact on other bond offerings in the State of Rhode Island absolutely has no bearing on ERSRI's fiduciary obligation to its pensionholders to maximize the recovery in this case.

6.     ERSRI does not have, and has never had, a business relationship with Security Capital and/or XL. Security Capital and XL do not insure bonds for ERSRI. Indeed, the institutions cited by UFCW and District No. 9 that sold bonds insured by Security Capital and/or XL, Rhode Island School of Design, Intrepid USA, Inc., and Providence College, are private entities and not affiliated with the State of Rhode Island, let alone ERSRI. The fact that Security Capital and XL have the authority to insure bonds for institutions that reside in the State of Rhode Island will in no way affect ERSRI's prosecution of this case. Indeed, ERSRI and the State of Rhode Island are two separate entities. ERSRI has a fiduciary duty to its pensionholders, not to the State of Rhode Island.

7.     Finally, I understand that UFCW and District 9 claim that ERSRI may use information obtained in this case during discovery for its own benefit in what UFCW and District 9 claim is an "ongoing business relationship" with Security Capital." First, ERSRI has no business relationship with Security Capital and second, ERSRI would use any information obtained in discovery solely for the benefit of the class consistent with its obligations as Lead Plaintiff.

14962v1

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed this 4th day of March, 2008

FRANK J. KARPINSKI

14962v1

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the following counsel of record in the consolidated actions filed in this Court, First Class Mail prepaid this 6th day of March, 2008:

*Attorneys for Plaintiffs*:

**Samuel H. Rudman**
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road,
Suite 200
Melville, NY 11747
Tel: 631/367-7100
Fax: 631/367-1173

**Richard A. Speirs**
Zwerling, Schachter & Zwerling
41 Madison Avenue
New York, NY 10010
Tel: 212/223-3900
Fax: 212/371-5969

**Evan J. Smith**
Brodsky & Smith, L.L.C.
240 Mineola Blvd.,
Mineola, NY 11501
Tel: 516/741-4977

/s/

_____
JOSEPH R. SEIDMAN, JR.