UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

In re SECURITY CAPITAL ASSURANCE
LTD. SECURITIES LITIGATION

————————————————————

This Document Relates To:

    ALL ACTIONS.

———————————————————— x

: Civil Action No. 07-cv-11086 (DAB)
:
: CLASS ACTION
:
:
: MEMORANDUM OF LAW IN SUPPORT
: OF MOTION FOR RECONSIDERATION OF
: THE COURT'S APRIL 23, 2008 ORDER
: CONSOLIDATING ACTIONS,
  APPOINTING EMPLOYEES'
  RETIREMENT SYSTEM OF THE STATE
  OF RHODE ISLAND AS LEAD PLAINTIFF
  AND APPROVING OF ITS SELECTION OF
  LEAD COUNSEL

Pursuant to Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e) and 60(b), Institutional Investors United Food & Commercial Workers Union Local 655, AFL-CIO, Food Employers Joint Pension Plan ("United Food & Commercial Workers Pension Plan") and District No. 9, I.A. of M. & A.W. Pension Trust ("District No. 9 Pension Trust") respectfully submit this memorandum of law in support of their Motion for Reconsideration of this Court's Order, dated April 23, 2008, and filed April 24, 2008 (the "Order," a copy of which is attached hereto as Exhibit A), Consolidating Actions, Appointing Employees' Retirement System of the State of Rhode Island as Lead Plaintiff, and Approving its Selection of Lead Counsel.

## I.    PRELIMINARY STATEMENT

On April 24, 2008, two documents were entered on the docket in this action.  In the first document, the Court "So Ordered" a stipulation (the "Stipulation") between Employees' Retirement System of the State of Rhode Island ("Rhode Island System") and HGK Asset Management, Inc. ("HGK"), two of the three investors who filed competing motions for Lead Plaintiff.  This Stipulation was not previously served on United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust and its entry on the docket was the first time that United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust learned of its existence.

The Stipulation contains new evidence that bears on the lack of adequacy of Rhode Island System to serve as Lead Plaintiff in this case and warrants reconsideration of the Court's Order appointing Rhode Island System as Lead Plaintiff.  Specifically, the Stipulation provides that HGK would be withdrawing its motion in support of Rhode Island System and, in turn, Rhode Island System, if appointed as Lead Plaintiff, would include HGK as an additional named plaintiff in a consolidated amended complaint and HGK would be put forth as a proposed class representative for Security Capital Assurance bondholders.  *See* Exhibit B, attached hereto.

This "arrangement" between the two parties appears to be nothing more than a lawyer-driven attempt by Rhode Island System to garner the support of one of the competing Lead Plaintiff movants to support its motion. Rhode Island System was not required to stipulate to HGK's withdrawal. HGK could have simply withdrawn on its own and, if Rhode Island System was appointed as Lead Plaintiff and decided to include HGK as a class representative for bondholders, it could have done so without any stipulation.

This arrangement also demonstrates that Rhode Island System is not acting in the best interests of the class and is therefore inadequate to serve as Lead Plaintiff. While Rhode Island System has now agreed to include HGK as a class representative, it had previously and strenuously *opposed* HGK's efforts to represent class members in this case, stating:

- "The class here does not need an entity like HGK in a leadership position."

- "Indeed, investment advisors and asset managers, like HGK, are famous for pulling out of securities class actions at a later stage of the litigation."

*See* Memorandum of Law in Further Support of the Motion of Employees' Retirement System of the State of Rhode Island for Consolidation, Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel and in Opposition to the Competing Motions, dated February 25, 2008 at 8 ("Rhode Island System Opp.").

How can Rhode Island System now claim that it is appropriate for HGK to serve in a leadership position and that HGK will not pull out of this case at a later stage of the litigation (as it has done in the past) and cause great harm to Security Capital Assurance bondholders? Thus, any presumption of Lead Plaintiff that may have been afforded to Rhode Island System has now been rebutted. It is, therefore, respectfully submitted that the Court reconsider the Order.

The second document entered on the docket on April 24, 2008 was the signed proposed order submitted by Rhode Island System, granting its motion to be appointed as Lead Plaintiff and

approving of its selection of counsel. Although numerous arguments were raised in opposition to the competing Lead Plaintiff motions, the Order does not reflect that the Court fully considered those arguments when signing the proposed order. In fact, it is unclear if the Court's signing of the Stipulation on the same day that it signed the Order is a coincidence or if the Court was under the mistaken impression that Rhode Island System's motion was no longer opposed once the Stipulation was filed. If the Court has not yet had an opportunity to fully consider the issues raised in the prior submissions, it would be manifestly unjust for the Court to appoint Rhode Island System as Lead Plaintiff without such consideration.

For these reasons, and as set forth herein in further detail, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust respectfully request that the Court grant their motion for reconsideration, vacate the Order, appoint them as Lead Plaintiffs and approve of their selection of Lead Counsel.

## II.  PROCEDURAL HISTORY

On February 5, 2008, three investors filed competing motions seeking consolidation of the related actions that had been filed, their appointment as Lead Plaintiff and approval of their respective selection of Lead Counsel. The three movants were: (i) United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust; (ii) Rhode Island System; and (iii) HGK. While none of the movants opposed consolidation, all three movants filed memoranda opposing each other's motion for appointment as Lead Plaintiff and approval of selection of Lead Counsel.

On March 6, 2008, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust and Rhode Island System filed reply memoranda. United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust have now learned that the Stipulation was also sent to the Court that day by Rhode Island System and HGK, although United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust were never served with the

Stipulation.  Importantly, the Stipulation provides that HGK would be withdrawing its motion in support of Rhode Island System and, in turn, Rhode Island System, if appointed as Lead Plaintiff, would include HGK as an additional named plaintiff in a consolidated amended complaint and HGK would be put forth as a proposed class representative for Security Capital Assurance bondholders. *See* Exhibit B.

On April 23, 2008, the Court So Ordered the Stipulation and also signed the proposed Order submitted by Rhode Island System.  Both Orders were then entered on the docket on April 24, 2008.

## III.    ARGUMENT

### A.    The Applicable Legal Standard on a Motion for Reconsideration

A court may reconsider a prior ruling on the following grounds: "(1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice."  *Metro. Entm't Co., Inc. v. Koplik*, 25 F. Supp. 2d 367 (D. Conn. 1998); *see also B.H. v. Southington Board of Educ.*, No. 3:02 cv 252 (SRU), 2004 U.S. Dist. LEXIS 237, at *3 (D. Conn. Jan. 7, 2004) ("[T]he function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or to consider newly discovered evidence."); Federal Rules of Civil Procedure ("FRCP"), Rule 59; FRCP, Rule 60.  The doctrine for granting a motion for reconsideration "is a discretionary rule of practice and generally does not limit a court's power to reconsider an issue."  *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991). *In re Stanley*, 185 B.R. 417, 421 (D. Conn. 1995).

### B.    The Stipulation Provides Newly Discovered Evidence that Rhode Island System is Inadequate to Represent the Class in this Action

The Stipulation provides newly discovered evidence that warrants reconsideration of the Order. The Stipulation, which was filed by Rhode Island Retirement System and HGK, was never served on United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust.  It

- 4 -

was first learned about by United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust after it was docketed by the Court on April 24, 2008. Had United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust been timely served with a copy of the Stipulation when it was filed with the Court on March 6, 2008, they would have raised concerns about its content prior to the issuance of the Order.

The Stipulation is an agreement among counsel for Rhode Island System and HGK. Under its terms, HGK agrees to support Rhode Island System's motion for appointment as Lead Plaintiff, while Rhode Island, if appointed as Lead Plaintiff, agrees to include HGK as an additional named plaintiff in a consolidated amended complaint and to put HGK forward as a proposed class representative to represent the interests of Security Capital Assurance bondholders. *See* Exhibit B. The Stipulation, however, as the product of lawyer-driven tactics, is inconsistent with the purposes of the Private Securities Litigation Reform Act ("PSLRA"). *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) ("The purpose behind the PSLRA is to prevent 'lawyer-driven' litigation").

Indeed, the agreement set forth in the Stipulation is further evidence of Rhode Island System's inadequacy to serve as Lead Plaintiff here. In its memorandum opposing the motion for Lead Plaintiff filed by HGK, Rhode Island System stated that "[t]he class here does not need an entity like HGK in a leadership position" and "investment advisors and asset managers, like HGK, are famous for pulling out of securities class actions at a later stage of the litigation." *See* Rhode Island System Opp. at 8. Now, in a complete and unexplained about-face, Rhode Island agrees that, as long as HGK supports its motion to be appointed Lead Plaintiff, then HGK should be proposed as a class representative and included as a named plaintiff. This inconsistent position cannot be reconciled. *See New Hampshire v. Maine*, 532 U.S. 742, 755 (2001) ("Having convinced this Court

to accept one interpretation . . . and having benefited from that interpretation. . . [w]e cannot [now] interpret [it] to mean two different things . . . without undermining the integrity of the judicial process.").

It is well-settled that it is the responsibility of the Lead Plaintiff to "identity and include named plaintiffs who have standing to represent the various potential subclasses of plaintiff who may be determined, at the class certification stage, to have distinct interests or claims." *See Fishbury, Ltd. v. Connetics Corp.*, No. 06 Civ. 11496 (SWK), 2006 U.S. Dist. LEXIS 90696, at *13 (S.D.N.Y. Dec. 14, 2006). Rhode Island System has selected HGK to serve in this role – an investor that it acknowledges the Class "does not need [serving] in a leadership position." This choice is therefore, by Rhode Island System's own admission, a poor one. Rhode Island System's quickness to act in its own interests at the expense of the Class is precisely the type of "proof" that is needed to rebut the presumption that the presumptive Lead Plaintiff will "not fairly and adequately protect the interests of the class." 15 U.SC. §78u-4(a)(3)(B)(iii)(II)(aa). On this basis, the Court should reconsider the Order.

### C.  The Court Should Grant Reconsideration to Confirm that the Issues Raised in Opposition Were Considered

In opposing the motion for Lead Plaintiff filed by Rhode Island System, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust filed two memoranda, each one explaining their concerns as to why the Court should not appoint Rhode Island System as Lead Plaintiff in this action. *See* Memorandum in Further Support of the Motion of United Food & Commercial Workers Union Local 655, AFL-CIO, Food Employers Joint Pension Plan and District No. 9, I.A. of M. & A.W. Pension Trust for Consolidation, Appointment as Lead Plaintiffs and for Approval of Selection of Lead Counsel and in Opposition to the Competing Motions, dated February 25, 2008, at 2; 5-6 ("Opp. Brief") and Reply Memorandum in Further Support of the Motion of

United Food & Commercial Workers Union Local 655, AFL-CIO, Food Employers Joint Pension Plan and District No. 9, I.A. of M. & A.W. Pension Trust for Consolidation, Appointment as Lead Plaintiffs and for Approval of Selection of Lead Counsel, dated March 6, 2008, at 1-2 ("Reply Brief"). In addition, because of the serious nature of the arguments raised in opposition, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust twice requested that they be allowed to take limited discovery of Rhode Island System in accordance with 15 U.S.C. §78u-4(a)(3)(B)(iv). *See* Opp. Brief at 6, n.2; Reply Brief at 2.

The Order, however, which appears to be a signed version of a proposed order submitted by Rhode Island System, did not address any of the issues that were raised in opposition to Rhode Island System's motion. Moreover, it was signed by the Court on the same day as the Stipulation (which is misleadingly titled by Rhode Island System and HGK as a "Joint Stipulation"). It is thus unclear if the Court's signing of the Stipulation on the same day that it signed the Order is a coincidence or if the Court was under the mistaken impression that Rhode Island System's motion was no longer opposed once the Stipulation was filed. If the Court has not yet had an opportunity to fully consider the issues raised in the prior submissions, it would be manifestly unjust for the Court to appoint Rhode Island System as Lead Plaintiff without such consideration.

## IV.    CONCLUSION

For the reasons set forth herein and in their prior submissions, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust respectfully request that the Court grant their motion for reconsideration, vacate the Order, and grant their motion for appointment as Lead Plaintiff and approval of their selection of Lead Counsel.

DATED:  May 8, 2008

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.


                    /s/ David A. Rosenfeld
          ———————————————————————————————
                 DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone:  631/367-7100
631/367-1173 (fax)

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on May 8, 2008, I caused a true and

correct copy of the attached:

> Notice of Motion for Reconsideration of the Court's April 23, 2008 Order
> Consolidating Actions, Appointing Employees' Retirement System of the
> State of Rhode Island as Lead Plaintiff and Approving of Its Selection of Lead
> Counsel; and

> Memorandum of Law in Support of Motion for Reconsideration of the Court's
> April 23, 2008 Order Consolidating Actions, Appointing Employees'
> Retirement System of the State of Rhode Island as Lead Plaintiff and Approving
> of Its Selection of Lead Counsel,

to be served: (i) electronically on all counsel registered for electronic service for this

case; and (ii) by first-class mail to any additional counsel.


<em>/s/ David A. Rosenfeld</em><br>David A. Rosenfeld

SECURITY CAPITAL ASSURANCE 07

Service List - 2/25/2008    (07-0272)

Page 1 of  2

**Counsel For Defendant(s)**

Howard G. Sloane
David G. Januszewski
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY  10005-1702
   212/701-3000
   212/269-5420 (Fax)


Mark P. Goodman
Elliot  Greenfield
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY  10022
   212/909-6000
   212/909-6836 (Fax)

James B. Weidner
Jeff E. Butler
Clifford Chance US LLP
31 West 52nd Street
New York, NY  10019
   212/878-8000
   212/878-8375 (Fax)


**Counsel For Plaintiff(s)**

Jack G. Fruchter
Abraham, Fruchter & Twersky
One Pennsylvania Plaza, Suite 2805
New York, NY  10119
   212/279-5050
   212/279-3655 (Fax)


Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
   516/741-4977
   516/741-0626 (Fax)

Sandy A. Liebhard
Gregory M. Egleston
Joseph R. Seidman, Jr.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, NY  10016
   212/779-1414
   212/779-3218 (Fax)


Samuel H. Rudman
David A. Rosenfeld
Mario  Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

SECURITY CAPITAL ASSURANCE 07

Service List - 2/25/2008    (07-0272)

Page 2 of  2

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)

Ashley  Kim
Christopher  Lometti
Schoengold, Sporn, Laitman & Lometti, P.C.
19 Fulton Street, Suite 406
New York, NY  10038
   212/964-0046
   212/267-8137 (Fax)

Kevin M. McGee
Zwerling, Schachter & Zwerling, LLP
595 South Federal Highway, Suite 600
Boca Raton, FL  33432
   561/544-2500
   561/544-2501 (Fax)

Richard A. Speirs
Zwerling, Schachter & Zwerling, LLP
41 Madison Avenue, 32nd Floor
New York, NY  10010
   212/223-3900
   212/371-5969 (Fax)

ORIGINAL

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| | **CASE #: 1:07-cv-11086-DAB** |
| BRICKMAN INVESTMENTS, INC., *Individually and on Behalf of all others similarly situated,* | |
| Plaintiff, | |
| vs. | |
| SECURITY CAPITAL ASSURANCE LTD, PAUL S. GIORDANO, DAVID SHEA, GOLDMAN, SACHS & CO, J.P. MORGAN SECURITIES INC., MERRILL, LYNCH, PIERCE, FENNER & SMITH INC., and XL INSURANCE LTD., | |
| Defendants. | |
| | **CASE #: 1:07-cv-11358-DAB** |
| 2 WEST, INC., *On Behalf of Itself and all others similarly situated,* | |
| Plaintiff, | |
| vs. | |
| SECURITY CAPITAL ASSURANCE LTD, XL INSURANCE, LTD, PAUL S. GIORDANO, and DAVID P. SHEA, | |
| Defendants. | |

**[PROPOSED] ORDER CONSOLIDATING ACTIONS, APPOINTING EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF RHODE ISLAND AS LEAD PLAINTIFF, AND APPROVING ITS SELECTION OF LEAD COUNSEL**

14388v1

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/2008
```

**CASE #: 1:08-cv-00158-UA**

ROBERT CLARKE, *Individually and on Behalf of all others similarly situated*,

Plaintiff,

vs.

SECURITY CAPITAL ASSURANCE LTD, PAUL S. GIORDANO, DAVID P. SHEA, XL INSURANCE, LTD., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., GOLDMAN, SACHS & CO., and J.P. MORGAN SECURITIES INC.,

Defendants.

14388v1

Having considered the Motion of Employees' Retirement System of the State of Rhode Island ("Rhode Island") to consolidate actions, be appointed as lead plaintiff, and for approval of selection of lead counsel, the memorandum of law and declaration in support thereof, and good cause appearing,

IT IS HEREBY ORDERED THAT:

1.      The captioned actions are consolidated for all purposes (the "Consolidated Action"). This order (the "Order") shall apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court and is consolidated with the Consolidated Action.

2.      A Master File is established for this proceeding. The Master File shall be Civil Action No.: 07-CV-11086 (DAB). The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

3.      An original of this Order shall be filed by the Clerk in the Master File.

4.      The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

5.      Every pleading filed in the Consolidated Action shall have the following caption:

---

IN RE SECURITY CAPITAL ASSURANCE LTD.    Civ No. 07-CV-11086 (DAB)
SECURITIES LITIGATION

---

6.      The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

7.     When a case that arises out of the same subject matter of the Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall

a.     File a copy of this Order in the separate file for such action;

b.     Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

c.     Make the appropriate entry in the Master Docket for the Consolidated Action.

8.     Each new case that arises out of the subject matter of the Consolidated Action, which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently-filed or transferred related action.

9.     Rhode Island is appointed to serve as lead plaintiff in the captioned actions and any related action subsequently transferred to or filed in this Court, pursuant to Section 21D(a)(3)(B), 15 U.S.C. § 78u-4 of the Securities Exchange Act of 1934 and Section 27(a)(3)(B), 15 U.S.C. § 77z-1 of the Securities Act of 1933.

10.    The law firm of Bernstein Liebhard & Lifshitz, LLP is hereby appointed lead counsel for the Class. Lead counsel shall provide general supervision of the activities of

2

plaintiffs' counsel and shall ensure that all work performed by plaintiffs' counsel is neither duplicative nor unproductive. Lead counsel shall have the following responsibilities and duties to perform or delegate as appropriate to:

    a.    brief and argue motions;

    b.    initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel, the preparation of written interrogatories, requests for admissions, and requests for production of documents;

    c.    direct and coordinate the examination of witnesses in depositions;

    d.    act as spokesperson at pretrial conferences;

    e.    call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

    f.    initiate and conduct any settlement negotiations with counsel for defendants;

    g.    provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

    h.    consult with and employ experts;

    i.    collect time reports of all attorneys on behalf of plaintiffs and to determine if the time is being spent appropriately and for the benefit of plaintiffs; and

    j.    perform such other duties as may be expressly authorized by further order

3

of this Court.

11.     Rhode Island shall cause a Consolidated Amended Complaint to be filed with the

Court and served on defendants' counsel within sixty (60) days of the date of entry of the Order.

12.     Defendants shall have no obligation to file any answer or otherwise responsive

papers to any of the pending individual complaints hereby consolidated other than the

Consolidated Complaint.

IT IS SO ORDERED.

DATED: **April 23, 2008**

*Deborah A. Bats*

United States District Court Judge

4

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the following

counsel of record in the consolidated actions filed in this Court, First Class Mail prepaid this 5th

day of February, 2008:

*Attorneys for Plaintiffs*:

**Samuel H. Rudman**
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road,
Suite 200
Melville, NY 11747
Tel: 631/367-7100
Fax: 631/367-1173

**Richard A. Speirs**
Zwerling, Schachter & Zwerling
41 Madison Avenue
New York, NY 10010
Tel: 212/223-3900
Fax: 212/371-5969

**Evan J. Smith**
Brodsky & Smith, L.L.C.
240 Mineola Blvd.,
Mineola, NY 11501
Tel: 516/741-4977


/s/
_____

JOSEPH R. SEIDMAN, JR.

14537v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BRICKMAN INVESTMENTS, INC.,            :
Individually and On Behalf of All Others   :
Similarly Situated,                    :
                                       :
                        Plaintiff,     :
                                       :
        v.                             :
                                       :
SECURITY CAPITAL ASSURANCE LTD.,       :
PAUL S. GIORDANO, DAVID SHEA,          :
GOLDMAN, SACHS & CO., J.P. MORGAN      :
SECURITIES INC., MERRILL LYNCH,        :
PIERCE, FENNER & SMITH                 :
INCORPORATED and XL INSURANCE LTD.,    :
                                       :
                        Defendants.    :
-------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/2008

**ECF CASE**

**No. 07-CV-11086 (DAB)**

**JOINT STIPULATION**

WHEREAS, on February 5, 2008, motions for appointment of lead plaintiff and approval of lead counsel were filed by (i) the Employees Retirement System of the State of Rhode Island ("Rhode Island"), (ii) the United Food and Commercial Workers Union Local 655 AFL-CIO, Food Employers Joint Pension Plan and District No. 9, I.A. of M. & A.W. Pension Trust (collectively, the "UFCW/District 9 Group") and (iii) HGK Asset Management, Inc. ("HGK"); and

WHEREAS, HGK sought to be appointed on behalf of a discreet group of SCA bondholders, namely all those who acquired 6.8% 12/31/49-17 securities pursuant to traceable to the registration statement that was filed in connection with SCA's Offer to Exchange of November 19, 2007 (the "Bondholder Claimants"); and

WHEREAS, Rhode Island, the UFCW/District 9 Group and HGK each opposed the others' motions on various grounds; and filed papers in support of their motions; and

WHEREAS, HGK examined the various papers in support of the motions, and believe Rhode Island clearly has the largest financial interest in this litigation and can well satisfy all the

requirements of the Private Securities Litigation Reform Act ("PSLRA") and can best represent all the security holders of SCA, in an effort to simplify the issues before the Court on the pending motions;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

1. HGK's motion for appointment of lead plaintiff and approval of lead counsel is hereby withdrawn in favor of Rhode Island; and

2. In the event that Rhode Island is appointed lead plaintiff in this matter, HGK shall be included in the consolidated amended complaint as an additional named plaintiff and shall be put forth as a proposed class representative on behalf of the SCA bondholders.

Dated: New York, New York
March 6, 2008

**SCHOENGOLD SPORN LAITMAN &
LOMETTI, P.C.**

By: _____
Christopher Lometti (CL-9124)
Ashley Kim (AK-0105)
Frank R. Schirripa (FS-1960)
19 Fulton Street, Suite 406
New York, NY 10038
Telephone: (212) 964-0046
Facsimile: (212) 267-8137

*Attorneys for HGK Asset Management, Inc.*

**BERNSTEIN LIEBHARD &
LIFSHITZ, LLP**

By: _____ *WITH permission*
Sandy A. Liebhard (SL-0835)
Joseph R. Seidman (JS-9260)
10 East 40th Street, 22nd Floor
New York, New York 10016
Tel.: (212) 779-1414
Fax: (212) 779-3218

*Proposed Lead Counsel for the Class
and Attorneys for Rhode Island*

SO ORDERED:

~~Deborah A. Batts~~
U.S.D.J.    4/23/08

2