UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SECURITY CAPITAL ASSURANCE LTD. SECURITIES LITIGATION | CASE #: 1:07-cv-11086-DAB |

**LEAD PLAINTIFF EMPLOYEES'
RETIREMENT SYSTEM OF THE STATE OF RHODE
ISLAND'S RESPONSE IN OPPOSITION TO MOTION FOR
RECONSIDERATION OF THE APRIL 23, 2008 ORDER APPOINTING EMPLOYEES'
RETIREMENT SYSTEM OF THE STATE OF RHODE ISLAND AS LEAD PLAINTIFF**

16254v1

## INTRODUCTION

On April 24, 2008, the Court entered an order (the "Order") appointing Employees' Retirement System of the State of Rhode Island ("ERSRI") as lead plaintiff. On May 8, 2008, United Food & Commercial Workers Union Local 655, AFL-CIO, Food Employers Joint Pension Plan and District No. 9, I.A. of M. & A.W. Pension Trust ("UFCW and District No. 9") moved for reconsideration of the Order on the grounds that ERSRI's agreement to include HGK Asset Management, Inc. ("HGK"), who also moved for appointment as lead plaintiff, as an additional named plaintiff and possible class representative for certain Security Capital Assurance, Ltd. bondholders constitutes "new evidence" sufficient to vacate the Order. For the reasons discussed below, UFCW and District No. 9's motion is utterly groundless and should be denied.

## PRELIMINARY STATEMENT

ERSRI argued in its opposition brief that HGK should not be appointed as lead plaintiff because, *inter alia*: (i) investment funds like HGK have been known to serve as lead plaintiffs for a while and then withdraw; and (ii) HGK withdrew as lead plaintiff from another securities class action. *See* ERSRI Opp. at 8-9. Notably, however, ERSRI said nothing about whether HGK was fit to serve as an additional named plaintiff or act as one of many possible class representatives for bondholders. This is because a lead plaintiff and an additional named plaintiff or class representative are entirely different things.

Before reply briefs were filed, representatives from HGK and ERSRI spoke and HGK agreed to withdraw its motion for lead plaintiff appointment and support ERSRI's motion. ERSRI noted this in its reply brief. *See* ERSRI Reply at 1 n.1. It was the *clients* who made this

14984v1

decision.[1] Thus, UFCW and District No. 9's bald claim of maneuvering by lawyers falls flat. In a stipulation dated March 6, 2008, ERSRI agreed to list HGK as an additional named plaintiff for certain bondholders and proffer HGK as a class representative for such bondholders if it were appointed as lead plaintiff. UFCW and District No. 9 now cite this as damning "new evidence" to vacate the Order.

It is nothing of the sort. First, ERSRI stated that it would include HGK as an additional named plaintiff and proffer it as a proposed class representative. ERSRI did *not* say that HGK would be the only class representative. Indeed, ERSRI can proffer several class representatives even for the specific class of bonds HGK bought.

Further, such agreements are not unusual. Indeed, in the seminal *WorldCom* litigation in this Court, HGK withdrew its competing motion for appointment as lead plaintiff, serving instead as an additional named plaintiff and certified class representative on behalf of WorldCom bondholders.

Moreover, in the Private Securities Litigation Reform Act ("PSLRA"), Congress created the lead plaintiff provision to ensure that securities class actions were run by large investors, preferably institutional investors like ERSRI. Securities class actions are extremely complex and are often litigated for years. Thus, lead plaintiffs have tremendous responsibility – they are in charge of the case from start to finish and the case cannot settle without their approval. Indeed, the burdens of serving as lead plaintiff sometimes cause them to withdraw – particularly when they are smaller entities such as hedge funds or investment advisors, like HGK. And when a lead plaintiff pulls out of a case, it can create problems for the class. There is no comparable

---

[1] Lead Plaintiff is aware that, under Local Rule 6.1, affidavits are not allowed on motions for reconsideration absent leave of the Court. If the Court requests, we will provide an affidavit stating that it was the clients who made the decision – not their counsel.

danger to the class from an additional named plaintiff or class representative pulling out of a case. Indeed, additional named plaintiffs and class representatives rarely withdraw because the burdens on them are far less than those imposed on a lead plaintiff.

Courts regularly deny motions for reconsideration when the "new evidence" on which they are based is irrelevant to the grounds of the underlying decision. The fact that ERSRI agreed to name HGK as an additional named plaintiff and proffer it as one of many proposed class representatives if ERSRI was appointed lead plaintiff is just that – utterly irrelevant to the Court's decision to appoint ERSRI. Accordingly, UFCW and District No. 9's motion should be denied.[2]

## ARGUMENT

### I. THE PURPORTED "NEW EVIDENCE" IS MEANINGLESS

The decision to grant a motion for reconsideration is within "the sound discretion of the trial court, whose disposition of the motion will not be disturbed on appeal absent an abuse of that discretion." *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991). Indeed, "such a motion may be granted only in 'extraordinary circumstances'". *United States v. Bank of New York*, 14 F. 3d 756, 759 (2d Cir. 1994). The standard of review, therefore, is strict, and a district court's ruling should not "lightly be reopened." *Nemaizer v. Baker*, 793 F. 2d 58, 61 (2d Cir. 1986) (citation omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice.

---

[2] UFCW and District No. 9 also speculate that the Court mistakenly appointed ERSRI as lead plaintiff after HGK withdrew from the running, thinking that HGK was the only other proposed lead plaintiff. Even if this were true, UFCW and District No. 9's arguments concerning purported conflicts of interest involving ERSRI were exhaustively answered and were as groundless as the instant motion.

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). The newly discovered evidence must *probably* be effective in changing the outcome of the former ruling. *Dux v. Megasol Cosmetic GMBH*, No. 03-CV-8820 (RO), 2006 WL 870462, at *1 (S.D.N.Y. Apr. 3, 2006).

Courts have denied motions for reconsideration where the newly-offered evidence is irrelevant to the decision. *See, e.g., Dux*, 2006 WL 870462, at *1 (S.D.N.Y. Apr. 3, 2006) ("plaintiffs have failed to establish that the so-called 'new evidence,' had it been considered, reasonably compels me now to alter or amend my original decision.... The [newly discovered evidence] is utterly irrelevant to the findings and issues addressed in my fee order"); *Fidelity Partners v. First Trust Co. of NY*, 58 F. Supp. 2d 55, 61 (S.D.N.Y. 1999) (rejecting purported new evidence where result "would not be different"); *Dixon v. Poole*, 122 F.3d 1070, at *1 (9th Cir. 1997) ("the evidence pertaining to her ineffective assistance of counsel claim is irrelevant to the issue of whether her claims were barred by Rule 9(a) and thus would not have changed the outcome of the judgment"); *F.T.C v. QT, Inc.*, No. 03 C 3578, 2008 WL 961604, at *5 (N.D. Ill. Apr. 8, 2008) (motion for reconsideration denied when evidence of defendants' "failure to disclose the existence or status of certain assets [was] irrelevant with respect to whether interest had been received on certain frozen accounts").

Here, the new "evidence" on which UFCW and District No. 9 base their motion for reconsideration is wholly irrelevant. First, as noted above, ERSRI stated it would proffer HGK as a class representative for certain bondholders – it did not state that HGK would be the only proposed representative – even for those bondholders. Further, in contrast to UFCW and District No. 9's baseless claim that HGK's withdrawal and ERSRI's statement that it would proffer HGK as a proposed class representative was a lawyer-driven tactic running afoul of the PSLRA, it was

the *clients* who made this decision – not their counsel. Finally, as noted above, such agreements are not out of the ordinary in securities class actions.

The fact that ERSRI argued that HGK should not be put in charge of the litigation as lead plaintiff has no bearing on whether HGK could be named as an additional named plaintiff in an amended complaint or whether HGK could be proposed as a class representative for certain bondholders. Securities class actions are not garden-variety litigation; they often stretch for years and make serious time demands on both counsel and lead plaintiffs. And institutional investors like ERSRI take that responsibility seriously. Lead plaintiffs are in charge of the prosecution of the action, they make tactical decisions throughout the litigation, and the case cannot be settled without them. That is why when a lead plaintiff withdraws from a securities class action, there is a leadership vacuum which can harm the class. That is also why ERSRI argued – and would argue again – that HGK should not be appointed as lead plaintiff. In stark contrast, being listed as an additional named plaintiff or proffered as a class representative is a difference in kind, not degree, from serving as lead plaintiff. As Judge Scheindlin noted in *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2002): "Nowhere is it suggested that the concept of 'lead plaintiff' was intended to be coterminous with 'named plaintiffs' or 'class representatives.'"[3]

## CONCLUSION

For the foregoing reasons, ERSRI respectfully requests that this Court deny UFCW and District No. 9's motion to reconsider the Order.

---

[3] UFCW and District No. 9 also intimate that there was some kind of foul play because they were not served with the stipulation in which HGK agreed to withdraw. But such stipulations do not have to be served on parties because when the stipulation became "So Ordered," as it did on April 23, 2008, it was then added to the docket – and served on all parties of record through the ECF.

Dated: May 27, 2008

                                  Respectfully submitted,

**BERNSTEIN LIEBHARD & LIFSHITZ, LLP**

/s/
_____
Stanley D. Bernstein (bernstein@bernlieb.com)
Sandy A. Liebhard (liebhard@bernlieb.com)
Rebecca M. Katz (katz@bernlieb.com)
Christian P. Siebott (siebott@bernlieb.com)
Joseph R. Seidman, Jr. (seidman@bernlieb.com)
10 East 40th Street, 22nd Floor
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218

***Counsel for ERSRI and Lead Counsel for the Class***

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the following counsel of record in the consolidated actions filed in this Court, First Class Mail prepaid this 27th day of May, 2008:

*Attorneys for Plaintiffs*:

| | |
|---|---|
| **Samuel H. Rudman**<br>COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747 | **Richard A. Speirs**<br>ZWERLING, SCHACHTER & ZWERLING<br>41 Madison Avenue<br>New York, NY 10010 |
| **Evan J. Smith**<br>BRODSKY & SMITH, L.L.C.<br>240 Mineola Blvd.,<br>Mineola, NY 11501 | **Mark P. Goodman**<br>DEBEVOISE & PLIMPTON LLP<br>919 Third Avenue<br>New York, NY 10022 |
| **James B. Weidner**<br>CLIFFORD CHANCE US LLP<br>31 W. 52nd St.<br>New York, NY 10019 | **Howard G. Sloane**<br>CAHILL GORDON & REINDEL LLP<br>80 Pine Street<br>New York, NY 10005 |

/s/
_____
JOSEPH R. SEIDMAN, JR.