UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re SECURITY CAPITAL ASSURANCE LTD. SECURITIES LITIGATION | : : : : : | Civil Action No. 07-cv-11086 (DAB) <br><br> CLASS ACTION |
| This Document Relates To: <br><br> ALL ACTIONS. | : : : : : | REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 23, 2008 ORDER |

Institutional Investors United Food & Commercial Workers Union Local 655, AFL-CIO, Food Employers Joint Pension Plan ("United Food & Commercial Workers Pension Plan") and District No. 9, I.A. of M. & A.W. Pension Trust ("District No. 9 Pension Trust") respectfully submit this reply memorandum of law in further support of their motion for reconsideration of this Court's Order, dated April 23, 2008, and in response to the opposition of Employees' Retirement System of the State of Rhode Island ("Rhode Island System").

In connection with their motion for reconsideration, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust presented the Court with newly discovered evidence that provides the requisite "proof" that Rhode Island System will not "fairly and adequately protect the interests of the class" in this case, as a Lead Plaintiff must. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). As previously stated, one of the tasks of a Lead Plaintiff is to ensure that all interests of the class are properly represented by representatives who have standing to assert the varying claims of the class. Indeed, Judge Kram recently held that a Lead Plaintiff has "a responsibility to identify [sic] and include named plaintiffs who have standing to represent the various potential subclasses of plaintiff who may be determined, at the class certification stage, to have distinct interests or claims." *Fishbury, Ltd. v. Connetics Corp.*, No. 06 Civ. 11496 (SWK), 2006 U.S. Dist. LEXIS 90696, at *13 (S.D.N.Y. Dec. 14, 2006) (quoting *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 205 (S.D.N.Y. 2003)).

By Rhode Island System's filing of a stipulation with the Court stating that it will propose HGK Asset Management ("HGK") as a class representative – even though Rhode Island System had previously argued that HGK should not be appointed to serve in a "leadership position" and that HGK is the type of investor that is "notorious for pulling out of securities class actions at the class certification or discovery stage" – Rhode Island System has shown that it will not be acting in the

- 1 -

best interests of the class here.  Thus, any presumption of Lead Plaintiff afforded to Rhode Island System has been adequately rebutted.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Despite the submission of this "proof," Rhode Island System nevertheless opposes the motion for reconsideration.  *First*, Rhode Island System contends that its statement that HGK should not serve in a "leadership position" was limited to HGK serving as a Lead Plaintiff and it did not mean that HGK was unfit to serve as an additional named plaintiff or one of several proposed class representatives.  A class representative, however, is an investor that seeks to represent other investors who are similarly situated and, by its very definition, necessitates that investor serving in a representative or leadership position.  Moreover, while a Lead Plaintiff is only required to preliminarily satisfy Rule 23, a class representative is subject to a comprehensive analysis of their typicality and adequacy.  *See In re Initial Pub. Offering Secs. Litig.*, 214 F.R.D. 117 at 121 (S.D.N.Y. 2002) ("[t]he Rule 23 analysis for purposes of appointing a Lead Plaintiff is significantly less detailed than the Rule otherwise requires. '. . . one need only make a "preliminary showing" that the Rule's typicality and adequacy requirements have been satisfied'") (quoting *In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766, 2002 U.S. Dist. LEXIS 10134, at \*4 (S.D.N.Y. June 6, 2002)).  It is therefore surprising that Rhode Island System, as a fiduciary to the class, would seek to have HGK proposed as a class representative knowing that it would be subject to a ***rigorous*** review under Rule 23, when, in its view, HGK could not even ***preliminarily*** satisfy the requirements of Rule 23 for purposes of being a Lead Plaintiff.  Thus, by proposing HGK as a class representative, Rhode Island System is not acting in the best interests of the class.

*Second*, Rhode Island System contends that the agreement that it entered into with HGK – *i.e.*, that HGK would support Rhode Island System's motion for Lead Plaintiff and, in turn, Rhode Island System would agree to propose HGK as a class representative if Rhode Island System was

appointed as Lead Plaintiff – is "not unusual." Rhode Island System Opp. at 2.[1] To support this contention, Rhode Island System notes that HGK had previously sought appointment as Lead Plaintiff in the *WorldCom* litigation and was later proposed as a class representative for certain bondholders. In the *WorldCom* case, however, there was no similar stipulation filed in which the Lead Plaintiff agreed to propose HGK as a class representative and HGK agreed to support its motion for Lead Plaintiff. The "unusual" nature of this "agreement" is further compounded by the fact that Rhode Island System had so vehemently *opposed* HGK's efforts to represent class members in this case. As Rhode Island System cannot cite to a single instance elsewhere where this type of arrangement existed, it is evident that this agreement *is*, in fact, "unusual."

*Third*, Rhode Island System argues that the newly discovered evidence of its "agreement" with HGK is not a proper basis for reconsideration because it is "wholly irrelevant." Rhode Island System Opp. at 4. To support this argument, Rhode Island System cites to a number of cases in which newly discovered evidence was found to be irrelevant to the underlying decision that was asked to be reconsidered. None of those cases, however, dealt with a motion for Lead Plaintiff and/or a situation where the newly discovered evidence constituted "proof" sufficient to rebut the presumption of Lead Plaintiff afforded to the movant with the largest financial interest.

Rhode Island System also incorrectly states that the reason the stipulation, which provides the new evidence, was not previously discovered by United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust was because "such stipulations do not have to be served on parties because when the stipulation became "So Ordered," as it did on April 23, 2008, it was then

---

[1] References to "Rhode Island Opp. at ___" are to pages of Lead Plaintiff Employees' Retirement System of the State of Rhode Island's Response in Opposition to Motion for Reconsideration of the Court's April 23, 2008 Order Appointing Employees' Retirement System of the State of Rhode Island as Lead Plaintiff, filed May 27, 2008.

added to the docket – and served on all parties of record through the ECF." Rhode Island System Opp. at 5, n.3. This is incorrect. At the time that a filing is made with the Court, a party making such filing is required to serve a copy of that filing on all parties. *See* F.R.C.P. 5(a). Had United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust been a party to the stipulation (as is often the case with stipulations), then service would not have been an issue because they would have signed it. However, the stipulation was only between Rhode Island System and HGK – United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust were not signatories. At the very least, Rhode Island System should have been clear with the Court and acknowledged in its stipulation that United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust were not parties to the stipulation, especially since United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust were the only other movants with a motion still pending before the Court.

For these reasons, and as set forth in their prior submissions, United Food & Commercial Workers Pension Plan and District No. 9 Pension Trust respectfully request that the Court grant their motion for reconsideration, vacate the Order, and grant their motion for appointment as Lead Plaintiff and approval of their selection of Lead Counsel.

DATED:  June 6, 2008                                   COUGHLIN STOIA GELLER
                                                         RUDMAN & ROBBINS LLP
                                                       SAMUEL H. RUDMAN
                                                       DAVID A. ROSENFELD
                                                       MARIO ALBA JR.

                                                                  */s/ David A. Rosenfeld*
                                                       DAVID A. ROSENFELD

                                                       58 South Service Road, Suite 200
                                                       Melville, NY 11747
                                                       Telephone:  631/367-7100
                                                       631/367-1173 (fax)
                                                       *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, David A. Rosenfeld, hereby certify that on June 6, 2008, I caused a true and correct copy of the attached:

> Reply Memorandum of Law in Further Support of Motion for Reconsideration of the Court's April 23, 2008 Order

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

*/s/ David A. Rosenfeld*
David A. Rosenfeld

SECURITY CAPITAL ASSURANCE 07

Service List - 2/25/2008    (07-0272)

Page 1 of 2

**Counsel For Defendant(s)**

Howard G. Sloane
David G. Januszewski
Cahill Gordon & Reindel LLP
80 Pine Street
New York, NY  10005-1702
   212/701-3000
   212/269-5420 (Fax)

James B. Weidner
Jeff E. Butler
Clifford Chance US LLP
31 West 52nd Street
New York, NY  10019
   212/878-8000
   212/878-8375 (Fax)

Mark P. Goodman
Elliot Greenfield
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY  10022
   212/909-6000
   212/909-6836 (Fax)

**Counsel For Plaintiff(s)**

Jack G. Fruchter
Abraham, Fruchter & Twersky
One Pennsylvania Plaza, Suite 2805
New York, NY  10119
   212/279-5050
   212/279-3655 (Fax)

Sandy A. Liebhard
Gregory M. Egleston
Joseph R. Seidman, Jr.
Bernstein Liebhard & Lifshitz, LLP
10 East 40th Street
New York, NY  10016
   212/779-1414
   212/779-3218 (Fax)

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
   516/741-4977
   516/741-0626 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

SECURITY CAPITAL ASSURANCE 07

Service List - 2/25/2008  (07-0272)

Page 2 of 2

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)

Ashley Kim
Christopher Lometti
Schoengold, Sporn, Laitman & Lometti, P.C.
19 Fulton Street, Suite 406
New York, NY  10038
   212/964-0046
   212/267-8137 (Fax)

Kevin M. McGee
Zwerling, Schachter & Zwerling, LLP
595 South Federal Highway, Suite 600
Boca Raton, FL  33432
   561/544-2500
   561/544-2501 (Fax)

Richard A. Speirs
Zwerling, Schachter & Zwerling, LLP
41 Madison Avenue, 32nd Floor
New York, NY  10010
   212/223-3900
   212/371-5969 (Fax)