USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

IN RE SECURITY CAPITAL ASSURANCE              07 Civ. 11086 (DAB)
LTD. SECURITIES LITIGATION                         ORDER

------------------------------------X
DEBORAH A. BATTS, United States District Judge.

On April 23, 2008, the Court entered an Order consolidating

three related securities class action suits -- 07 Civ. 11086

(DAB), 07 Civ. 11358 (DAB) and 08 Civ. 158 (DAB) -- and appointed

the Employees' Retirement System of the State of Rhode Island as

Lead Plaintiff and its attorneys as Lead Counsel for Plaintiffs,

pursuant to 15 U.S.C. §§ 78u-4 and 77z-1.  (See Docket Entry No.

25.)  A total of four investors had sought appointment as Lead

Counsel:  the Employees' Retirement System of the State of Rhode

Island ("ERSSRI"); HGK Asset Management, Inc. ("HGK"); United

Food & Commercial Workers Union Local 655, AFL-CIO, Food

Employers Joint Pension Plan and District No. 9, I.A. of M. &

A.W. Pension Trust ("UFCWUL"); and Ernest Koehler ("Koehler").

Now before the Court is UFCWUL's Motion to Reconsider seeking the

vacatur of the April 23, 2008 Order and appointment of it as Lead

Plaintiff and Lead Counsel instead of ERSSRI.  UFCWUL argues that

a stipulation between ERSSRI and HGK that the Court endorsed,

also on April 23, 2008, constitutes new relevant evidence that

the Court overlooked when it appointed ERSSRI as Lead Plaintiff

and Lead Counsel.  UFCWUL's Motion to Reconsider, as explained

below, is baseless and is DENIED.

LEGAL STANDARD

The standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSC Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (holding that a motion for reconsideration "is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court"). In addition, "[t]he standards governing a motion to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same." Word v. Croce, No. 00 Civ. 6496, 2001 WL 755394, at * 2 (S.D.N.Y. July 5, 2001).

Furthermore, a motion for reconsideration is not one in which a party may reargue "those issues already considered when a party does not like the way the original motion was resolved." In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).

2

Thus Local Rule 6.3 should be "narrowly construed and strictly
applied" to avoid repetitive arguments already submitted to the
Court.  <u>National Congress for Puerto Rican Rights v. City of New
York</u>, 191 F.R.D. 52, 53 (S.D.N.Y. 1999) (citation omitted).

DISCUSSION

ERSSRI, HGK, UFCWUL and Koehler each submitted briefs and
supporting documentation as part of their respective motions to
be appointed Lead Plaintiff and Lead Counsel.  Additionally,
ERSSRI, HGK and UFCWUL each submitted proposed orders to the
Court in anticipation that the Court would rule in their favor.

As each of the contenders noted in their motion papers, the
Private Securities Litigation Reform Act of 1995 ("PSLRA")
provides for a rebuttable presumption that the most adequate
plaintiff to represent the class is one who meets the following
criteria:

> (aa) has either filed the complaint or made a motion in
> response  to a notice . . .;
>
> (bb) in the determination of the court, has the largest
> financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the
> Federal Rules of Civil Procedure.

15 U.S.C. 78u-4(a)(3)(B)(iii)(I).  The presumption may be
rebutted by a showing that the presumptively most adequate
plaintiff:

3

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. 78u-4(a)(3)(B)(iii)(II).

The Court reviewed all of the submissions it had received from ERSSRI, HGK, UFCWUL and Koehler and determined that ERSSRI was the most adequate plaintiff to serve as Lead Plaintiff and Lead Counsel. ERSSRI was clearly the presumptive most adequate plaintiff under 15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(aa)-(cc), having allegedly lost over $4.2 million dollars during the proposed class period. HGK alleged an approximate loss of $2.5 million; UFCWUL alleged a loss of $652,730.32; and Koehler alleged a loss of approximately $100,000. The Court found UFCWUL's attempt to rebut ERSSRI's presumptive status to have been entirely speculative. Accordingly, on April 23, 2008, the Court endorsed the proposed order submitted by ERSSRI instead of those submitted by HGK and UFCWUL.

After having selected ERSSRI as the Lead Plaintiff and Lead Counsel in this consolidated action, the Court noticed that HGK and ERSSRI had submitted a stipulation to the Court. The stipulation provided that HGK was withdrawing its motion to be appointed Lead Plaintiff and Lead Counsel in favor of ERSSRI's

4

motion and that in the event that ERSSRI was appointed, HGK would
be included as an additional named plaintiff and put forth as a
proposed class representative of a discrete subclass in this
action.  The stipulation had no bearing whatsoever on the Court's
appointment of ERSSRI as Lead Plaintiff and Lead Counsel because
the Court was unaware that HGK had agreed to withdraw its motion
at the time that it reviewed each of the four motions seeking the
appointment and at the time that it reached its decision.[1]  The
Court furthermore did not find that the stipulation in any way
suggested that ERSSRI is unsuitable to serve as Lead Plaintiff
and Lead Counsel.  Moreover, the Court finds that the fact that
ERSSRI and HGK entered into the stipulation is insufficient to
rebut the presumption that ERSSRI is the most adequate plaintiff
to serve as Lead Plaintiff and Lead Counsel.  Simply put, the
stipulation is not new evidence and was irrelevant to the Court's
decision to appoint ERSSRI as Lead Plaintiff and Lead Counsel.
Accordingly, UFCWUL's Motion to Reconsider, to vacate the April
23, 2008 Order and to appoint it Lead Plaintiff and Lead Counsel
is DENIED.

---

[1]     While speculating that the Court might somehow have
been unaware of its motion to be appointed Lead Plaintiff and
Lead Counsel, UFCWUL completely ignores the fact that Koehler had
also sought such appointment in addition to ERSSRI, HGK and
itself.

CONCLUSION

For the foregoing reasons, the instant Motion to Reconsider (Docket Entry No. 31) is DENIED in its entirety.

SO ORDERED.

Dated:    New York, New York
          June 12, 2008

                                      _____
                                      DEBORAH A. BATTS
                                      United States District Judge

6